Law Office of
# DAVID GOUREVITCH, P.C.

950 THIRD AVENUE  (212) 355-1300 PHONE
32nd FLOOR  (646) 365-8818 FAX
NEW YORK, NY 10022  DAVID@GOUREVITCHLAW.COM

November 6, 2015

**VIA FEDERAL EXPRESS**
**AND ELECTRONIC MAIL**

Michael D. Birnbaum, Esq., Senior Trial Counsel
U.S. Securities & Exchange Commission
New York Regional Office, Division of Enforcement
Brookfield Place
200 Vesey Street, Suite 400
New York, New York 10281

   Re: *Securities Exchange Commission v. Abraxas Discala, et al.*
     **Docket No.: 1:14-cv-4346 (EDNY) (ENV)**

Dear Mr. Birnbaum:

  On November 12, 2014, the Court stayed discovery in the above-entitled case ("the Civil Case") pending final resolution of *U.S. v. Abraxas J. Discala, et al.*, 14 CR 399 (EDNY) (ENV) ("the Criminal Case"), to preserve the balance of interests in the criminal case and to prevent "end-runs" around the Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure. The Order (Exhibit A) prohibited the Securities and Exchange Commission ("SEC") from seeking discovery from any of the defendants or third parties. Exhibit A ("Pending resolution of the criminal matter . . . the [SEC] will not seek discovery in the Civil Case . . . from third parties"). The stay, unopposed by the SEC, remains in effect.

  Despite the Order's blanket and unambiguous prohibition, the SEC used its investigative authority to obtain voluminous documents and information from third parties in furtherance of and relevant to both the SEC's and the government's position in the Civil and Criminal Cases. The SEC used its newly acquired information and documents to add new factual allegations and defendants to its proposed amended complaint, and, we believe, turned over the product of the SEC's latest investigative efforts to the Department of Justice which has used the documents and information to obtain a superseding indictment in the Criminal Case. Indeed, there is now even greater overlap between the SEC's amended complaint and the government's superseding indictment, which leads to the compelling inference that the SEC worked hand-in-glove with the United States Attorney's Office, including sharing documents and information the SEC obtained in the course of its post-Stay investigation. Your November 4, 2015 letter to the Court reinforces that conclusion by conceding that the SEC did not timely inform the parties to the enforcement action of its proposed amended complaint because the SEC wanted to avoid "interfering" with the U.S. Attorney's planned "actions," i.e., the arrests of the new defendants named in the superseding

# David Gourevitch, P.C.

Michael D. Birnbaum, Senior Trial Counsel
November 6, 2015
Page 2 of 3

indictment and the SEC's proposed amended complaint. It thus appears that the SEC had prior knowledge of the government's *sealed* indictment and impending arrests of the added defendants, and the SEC coordinated its continuing investigation in the Civil Case with the U.S. Attorney's Office.

It is particularly disturbing that, following the Court's issuance of a stay of all discovery in the Civil Case, the SEC nonetheless engaged in extensive discovery practices concerning Mr. Shapiro's lawyer, defendant Darren Ofsink, and Halcyon Cabot, a brokerage firm at which Mr. Shapiro maintained a brokerage account to which both the proposed amended complaint and the superseding indictment refer. The post-Stay discovery the SEC obtained apparently constitutes the Rule 11 basis for both the proposed amended complaint and superseding indictment. Nor did the SEC limit its discovery practices to Ofsink and Halcyon Cabot. Instead, relying on the Formal Order in the Civil Case, the SEC issued document requests in January 2015 to third parties for all documents regarding Halcyon Cabot under the name and case number of the SEC's non-public investigation of CodeSmart and Mr. Shapiro, *i.e.*, "In the Matter of CodeSmart Holdings Inc. (NY-08956)." Which led to the SEC's proposed amended complaint, Exhibits A and B to your November 4th letter. The SEC used the caption and case number of its non-public investigation because the SEC knew full well that the District Court's Stay precluded the SEC from issuing subpoenas for the same documents and information in the Civil Case. But the purpose of the SEC's new subpoenas was to gather documents and information to strengthen and expand the Civil Case, and to help the government strengthen and expand its position in the Criminal Case. For example, the new allegations in the superseding indictment regarding defendants Ofsink and Michael Morris, an owner of Halcyon Cabot, mirror the new allegation in the SEC's proposed amended complaint. Moreover, the SEC and government doubtlessly intend to introduce the newly obtained documents and information at their respective trials to prove that Mr. Shapiro conspired with Ofsink and Morris to manipulate the price of CodeSmart.

The SEC's post-Stay discovery practices violate the letter and the spirit of the Stay... as well as the SEC's own *Enforcement Manual* (June 4, 2015 ed.), which directs Staff not to use its investigative powers to conduct discovery to benefit ongoing litigation. The *Manual's* wise restraints on the SEC's discovery powers apply with special force where the District Court has stayed the Civil Case, to protect the interests of all parties in the Criminal Case.

In light of the SEC's foregoing practices and appearances, we request that the SEC formally assure us, *i.e.*, in writing, that no information or documents obtained by the SEC in its post-Stay investigation have been or will be provided or turned over to the government, or will be used by the SEC in the Civil Case once the Stay is lifted. In the event that the SEC has already turned over any documents or information obtained post-Stay to the government, we request that the SEC provides us with copies of all such documents and the substance of any such information.

In the event that the SEC intends to justify its post-Stay discovery conduct by reliance upon its non-public investigative authority in *CodeSmart,* the SEC's position would be convincingly refuted by the proposition that the SEC cannot elevate form over substance. A

# David Gourevitch, P.C.

Michael D. Birnbaum, Senior Trial Counsel
November 6, 2015
Page 3 of 3

government agency cannot be allowed to circumvent the unambiguous language of a court order by an artful shell game in which the agency arbitrarily substitutes or changes captions to its discovery request. Moreover, if the SEC genuinely believed that it possessed a legitimate basis to conduct additional discovery despite the Court's broad Stay, the best course would have been for the SEC to ask the Court, even *ex parte* if it deemed that necessary, for permission to continue to conduct its investigation despite the Stay prohibiting further discovery practices. Finally, the SEC's course of action has severely prejudiced Mr. Shapiro. Had the SEC sought the Court's permission to pursue its investigation notwithstanding the Stay, Mr. Shapiro would have been entitled to attend depositions, cross-examine witnesses, be provided with copies of documents produced to the SEC and issue his own subpoenas. Instead, and in full coordination with the government, the SEC chose to recklessly barge into a delicate area --- a veritable bull in a china shop --- content to seek permission after the fact, denying Mr. Shapiro an opportunity to object and to conduct his own discovery.

In the event you wish to discuss with us in person the facts and inferences we have represented above, we would welcome the opportunity. Otherwise, a letter from the SEC assuring us that the discovery it has obtained post-Stay has not been and will not be turned over to the government for use in the Criminal Case or used by the SEC in the Civil Case will satisfy our present concerns. Our reasonable proposal is intended to deter or prevent such conduct by the SEC in the future, and to avoid burdening the Court with what we believe is a serious violation of the Court's order.

Very truly yours,

David U. Gourevitch
Law Offices of David Gourevitch, P.C.

Richard A. Greenberg
Newman & Greenberg LLP

*Attorneys for Defendants Ira Shapiro and CodeSmart Holdings, Inc.*

# EXHIBIT A

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ NOV 21 2014 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

- against -

ABRAXAS J. DISCALA,
MARC E. WEXLER,
MATTHEW A. BELL,
CRAIG L. JOSEPHBERG, and
IRA SHAPIRO,

        Defendants.

------------------------------------X

14 CV 4346 (ENV)

## ORDER

1.     The Court, having reviewed the Government's Notice of Motion to Intervene and to Stay Civil Proceedings in the above-captioned case (the "Civil Case") submitted pursuant to Rule 24 of the Federal Rules of Civil Procedure, and the Government's Memorandum of Law in Support of its Motion to Intervene and to Stay Civil Proceedings, HEREBY ORDERS THAT:

2.     Pending resolution of the criminal matter captioned <u>United States v. ABRAXAS J. DISCALA, MARC WEXLER, IRA SHAPIRO, MATTHEW BELL, CRAIG JOSEPHBERG, KYLEEN CANE and VICTOR AZRAK</u>, 14 CR 399 (ENV), by verdict, pretrial disposition, or until otherwise allowed by the Court, the Civil Case proceedings are stayed and the Securities and Exchange Commission, Abraxas J. Discala, Marc E. Wexler, Matthew A. Bell,

Craig L. Josephberg and Ira Shapiro will not seek discovery in the Civil Case from one another or from third parties.

IT IS SO ORDERED.

Dated: Brooklyn, New York
 November 19, 2014

s/ENV

THE HONORABLE ERIC N. VITALIANO
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

2